1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

| | |
|---|---|
| BOUALEM HABIB, | |
| Plaintiff, | No. |
| v. | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| MATSON NAVIGATION COMPANY, INC., a Hawaii Corporation, | **DEMAND FOR JURY** |
| Defendant. | |

9

10

11

12

13

14

## I.     JURISDICTION, PARTIES AND VENUE

15      1.1     This is a civil action arising under the laws of the United States of America,

16   Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and the Civil Rights Act of

17   1991.

18      1.2     Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

19      1.3     This Court has supplemental jurisdiction over the State claim by virtue of the

20   fact that it arises out of the same transactions or series of transactions as do the claims

21   alleged under federal law.

22      1.4     At all times relevant to this matter, plaintiff Boualem Habib has been a

23   resident of the Western District of Washington.

24

25

COMPLAINT
PAGE 1 OF 6

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

1.5     Defendant Matson Navigation Company, Inc. ("Matson"), is a Hawaii corporation regularly conducting business in King County, Washington.

1.6     The discriminatory acts complained of took place in King County, Washington.  Venue is therefore appropriate in the Western District of Washington pursuant to 28 US.C. § 1391 and 42 U.S.C. § 2000e.

## II.     FACTS

2.1     Plaintiff Boualem Habib was born in Algeria, is of Arab descent, and is a Muslim.

2.2     Plaintiff has worked in the shipping industry since approximately 1989.  He has worked as a Chief Cook, Baker, and Steward on civilian and military voyages all over the world.  He is a Coast Guard credentialed Merchant Marine, and carries a Transportation Worker Identification Credential ("TWIC") issued by the Transportation Safety Administration ("TSA").  To obtain a TWIC certification, an individual must undergo a security threat assessment.  Once certified, a TWIC holder is permitted unescorted access to secure areas of maritime facilities and vessels.  The TWIC holder is issued a card that contains a tamper-proof fingerprint biometric that verifies that the user of the card is the credential-holder.

2.3     Defendant Matson hired Plaintiff on March 5, 2011, to work on a 22-month renewable contract on board the freight ship SS Maui as Chief Cook.   Plaintiff worked onboard the SS Maui from March 2011 until June 25, 2011, when he went on a 60-day vacation pursuant to his employment contract.

COMPLAINT
PAGE 2 OF 6

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

2.4     On August 6, 2011, while the SS Maui was at port in Seattle (and while Plaintiff was on vacation), Plaintiff boarded the ship twice.   First, in the early morning hours, the Plaintiff boarded the ship to  pick up a friend and shipmate, Abdulhalim Ali, whose father had suddenly passed away in Detroit, Michigan.  Plaintiff picked up Mr. Ali, and Plaintiff and his wife drove Mr. Ali to Sea-Tac Airport.  Mr. Ali reminded Plaintiff that his (Plaintiff's) fishing gear was onboard the SS Maui.  Later that afternoon Plaintiff returned to the SS Maui to retrieve the fishing gear.  Once again, he boarded the vessel, spoke briefly to Mr. Ali's replacement, picked up his gear and left.

2.5     Both times Mr. Habib boarded the SS Maui on August 6, 2011, he showed his TWIC card to security guards to gain access to the vessel.  First he showed his TWIC card to the TSA guard on duty at the terminal, and requested a bus ride to the ship.   Once at the ship, Mr. Habib showed his TWIC card to the guards there, and was permitted on board. When he left, he said good-bye to the two security guards.

2.6     Matson terminated Mr. Habib's employment by letter dated August 17, 2012. The letter cited as reasons for termination alleged gross misconduct, deliberate interference with the efficient operation of vessels, and acts or practice which create a menace or nuisance to the health or safety of others.  The August 17, 2011, letter provided no further details about the basis for Mr. Habib's termination.

2.7     After receiving the letter of August 17, 2011 letter, Mr. Habib filed a grievance with the Seafarers International Union.  The Union purportedly conducted an investigation, the results of which are wholly inconsistent with the facts of what occurred on August 6, 2011.  The Union concluded, based on information obtained from Matson, that

COMPLAINT
PAGE 3 OF 6

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

Mr. Habib's presence on the SS Maui was a violation of company policy and maritime security. Furthermore, according to the Union, Mr. Habib's behavior that day with coworkers, supervisors, the terminal bus driver, and company and shipboard managers was "angry, short-tempered, defiant, insubordinate, intimidating and unprofessional." While Mr. Habib was indeed present on the vessel briefly on August 6, 2011, the Union's depiction of his visit that day is wholly inaccurate. Mr. Habib did not engage in the alleged behavior; in fact, the only people he saw that day were the security guards, the bus driver, and Mr. Ali's replacement. Contrary to the Union's allegations, Mr. Habib did not see Chief Cook Tammy Bensinger on August 6, 2011, much less yell profanity at her and kick her stateroom door.

2.8     On or about October 7, 2011, Mr. Habib received a visit from two Federal Air Marshalls from the TSA. These individuals questioned Mr. Habib extensively regarding the workplace incident that purportedly gave rise to the termination of his employment with Matson, as well as his race, religion, and national origin. He was also questioned about certain Matson employees, including Tammy Bensinger and William Percival. It is clear from the questions asked by the Air Marshalls during this interrogation that Matson had provided information to the TSA regarding its allegations against Mr. Habib, and that concerns about his race, national origin and religion were central to the interrogation.

## III.     ADMINISTRATIVE PROCEDURE

3.1     Plaintiff has complied with the statutory requirements for maintaining an action under Title VII and has received a right-to-sue letter under the Act. Plaintiff's

COMPLAINT
PAGE 4 OF 6

SCOTT, KINNEY, FJELSTAD & MACK
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

Complaint is filed within the statutory time limits of the right-to-sue letter issued on July 31, 2012.

## IV.   EMPLOYMENT DISCRIMINATION

4.1     Defendant discriminated against Plaintiff when it terminated his employment based on his race, national origin and religion in violation of Title VII.

4.2     As a direct and proximate result of the Defendant's acts, Plaintiff sustained economic and non-economic damages, including, without limitation:  Mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

4.3     Defendant's conduct was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon plaintiff, for which an award of punitive damages is mandated.

## V.   BREACH OF CONTRACT

5.1     When Defendant terminated Plaintiff's employment, it breached the 22-month renewable employment contract the parties entered into in March 2011.

5.2     As a direct and proximate result of this breach, Plaintiff has sustained economic damages, which said damages will be proven at trial.

## VI.   JURY DEMAND

6.1     Plaintiff requests a jury in this matter.

## VII.   PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that he be awarded the following:

COMPLAINT
PAGE 5 OF 6

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

1   7.1  General and special compensatory damages against Defendant in an amount

2 to be proven at trial;

3   7.2  Reasonable attorney's fees and costs;

4   7.3  Prejudgment interest; and

5   7.4  Any additional appropriate relief.

6

7

8   DATED this 29th day of October, 2012.

9

10        SCOTT, KINNEY, FJELSTAD & MACK

11

12     By  /s/ Donna L. Mack
         Donna Mack, WSBA #30875

13         Scott, Kinney, Fjelstad & Mack
         Of Attorneys for Plaintiff

         600 University St., Ste. 1928

14         Seattle, WA 98101-4178
         Phone:  (206) 622-2200

15         Fax:  (206) 622-9671
         mack@skfmlaw.com

16

17

18

19

20

21

22

23

24

25

| COMPLAINT<br>PAGE 6 OF 6 | **SCOTT, KINNEY, FJELSTAD & MACK**<br>600 UNIVERSITY, SUITE 1928<br>SEATTLE, WA 98101-4178<br>TEL: (206) 622-2200<br>FAX: (206) 622-9671 |