FILED

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOUALEM HABIB, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MATSON NAVIGATION COMPANY, INC., a Hawaii corporation, <br><br> Defendant-Appellee. | No. 14-35790 <br><br> D.C. No. 2:12-cv-01906-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted June 9, 2017[**]
Seattle, Washington

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Boualem Habib ("Habib") appeals the district court's grant of summary judgment on his Title VII disparate treatment claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's grant of summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "Summary judgment may be affirmed on any ground supported by the record." *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012).[1]

To survive summary judgment, a Title VII disparate treatment plaintiff must "create a triable issue of fact regarding discriminatory intent." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013). This can be accomplished by producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated" the adverse action or by relying on the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *Id.* Contrary to Habib's claim otherwise, Matson Navigation

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

Company, Inc. ("Matson"), did not waive its challenge to either of these methods of proof.

Beginning with the direct-or-circumstantial-evidence method, there is no genuine issue of material fact that Matson acted with discriminatory intent. Habib has presented no direct evidence of discriminatory intent, as none of his evidence "'proves the fact [of discriminatory animus] without inference or presumption.'" *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003) (alteration in original) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)). Habib's circumstantial evidence also does not create a triable issue that any of the people who "influenced, affected, or w[ere] involved in the adverse employment decision" were motivated by a discriminatory intent. *Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007). There is no genuine issue of material fact whether Matson acted based on ethnic or other stereotypes when it fired Habib. Habib's evidence is too speculative to "demonstrat[e] that a discriminatory reason more likely than not motivated" Matson's actions. *Pac. Shores Props., LLC*, 730 F.3d at 1158. Because Habib fails to offer "sufficient evidence . . . for a jury to return a verdict" in his favor, "there is no issue for trial." *Anderson*, 477 U.S. at 249.

Habib fares no better with the indirect method of proof set forth in *McDonnell Douglas*. First, Habib has failed to establish a prima facie case of

discrimination, as his evidence does not show that "similarly situated individuals outside [his] protected class were treated more favorably," and the "circumstances surrounding the adverse employment action [do not] give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)).  Second, even if Habib had established a prima facie case of discrimination, his claim fails because Matson offered legitimate, nondiscriminatory reasons for its actions and Habib's evidence is insufficient to create a genuine issue of material fact that these reasons are a pretext.  There is no direct evidence showing "that a discriminatory reason more likely motivated" Matson to take the adverse employment action.  *Godwin*, 150 F.3d at 1220.  Further, Habib's circumstantial evidence is insufficient to "show that [Matson]'s proffered motives were not the actual motives because they are inconsistent or otherwise not believable." *Id.* at 1222.  There is no evidence that other persons were allowed to board Matson's ships without some level of permission, nor is there evidence that Matson failed to terminate persons outside of Habib's protected classes who exhibited similar temper and aggression issues.  Accordingly, the District Court is **AFFIRMED**.